Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy L. Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YASIN KNIGHT**, | ) ) ) |
| Plaintiff, | ) C.A. No.: ) |
| v. | ) ) |
| **AMERICAN EDUCATION SERVICES**, | ) ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

YASIN KNIGHT ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AMERICAN EDUCATION SERVICES ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

PLAINTIFF'S COMPLAINT

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of New Jersey, and as such personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Pennsville, New Jersey 08070.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 1200 N. 7th Street, Harrisburg, Pennsylvania 17102.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this telephone number as a cellular telephone number.

12. Beginning in or around May or June 2014 and continuing through at least December 2016, Defendant called Plaintiff on his cellular telephone number on a repeated and continuous basis.

13. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because many of the calls would begin with a recording before one of Defendant's representatives came on the line.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's representatives and told them to stop calling him in or around May or June 2014.

17. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful reason to making further calls, nor was there any good faith reason to place calls.

18. Defendant heard and acknowledged his request to stop calling.

19. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

20. Rather, Defendant continued to call Plaintiff on his cellular telephone multiple times per month.

21. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant.

22. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

25. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

27. After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YASIN KNIGHT, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, YASIN KNIGHT, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

Dated: January 5, 2018   By: /s/ Amy L. Bennecoff Ginsburg
                                        Amy L. Bennecoff Ginsburg
                                        Kimmel & Silverman, P.C.
                                        30 East Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888
                                        Facsimile: (877) 788-2864
                                        Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT